OMO *v.* BERNART.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—CONSTRUCTION OF GUARANTY—NONASSESSABLE STOCK.

A guaranty by the organizers of a corporation, who have issued the entire capital stock to themselves as fully paid, that stock purchased from them shall be "nonassessable" until the full par value of all of the stock shall have been expended in the enterprise, operates to indemnify subsequent purchasers against liability under a statute declaring that stockholders shall be individually liable to the creditors of the corporation in an amount equal to their stock, such liability to be enforced by an action against all of the stockholders, in which the amount payable by each upon the total corporate indebtedness shall be found and determined.

Error to Wayne; Carpenter, J. Submitted November 19, 1895. Decided December 30, 1895.

*Assumpsit* by Arthur A. Omo against Mary T. Bernart, impleaded with Christian Budtz and Eliza Holzworth, upon a contract of guaranty. From a judgment for defendant, plaintiff brings error. Reversed.

*Moores & Goff*, for appellant.

*Cyrus E. Lothrop*, for appellee.

MONTGOMERY, J. The defendants organized a corporation known as the Toledo, Sienna & Mineral Paint Company, caused the stock to be issued as paid up, and entered upon the books of the company the following agreement and guaranty:

"We, the owners and stockholders of three hundred shares, of the value of $100 each, of the capital stock of the Toledo, Sienna & Mineral Paint Company, a corporation duly organized and now existing under and by virtue of the laws of the State of Ohio, do hereby agree by and between ourselves, as the owners of said *three hundred shares of paid-up capital stock*, and also agree with and guarantee to the purchasers of any of *said capital stock, or each separate share thereof*, issued by this company, *is declared nonassessable*, until we, the present owners of said capital stock, shall have expended in said enterprise the sum of $30,000.

[Signed]    "ELIZA HOLZWORTH.
"CHRISTIAN BUDTZ.
"MARY T. BERNART."

At the time this agreement was made, the laws of Ohio (1 Rev. Stat. 1886) contained the following provisions:

"Sec. 3258. The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation.

" Sec. 3259. The term 'stockholders,' as used in the preceding section, shall apply not only to such persons as appear by the books of the corporation to be such, but to any equitable owner of stock, although the stock appears on the books in the name of another.

" Sec. 3260. A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation, and against all persons liable as stockholders; and in such action there shall be found and determined the amount payable by each person liable *as stockholder on all the indebtedness of the corporation*, in which adjudication no costs shall be taxed to nor collected of any stockholder to an amount which, together with the amount to be paid on said indebtedness, will exceed the amount of the stock on which he is liable."

Plaintiff, as the jury has found, purchased fourteen shares of the stock of this corporation, of the par value of $1,400, in reliance upon this guaranty; and subsequently the plaintiff, with other stockholders, was proceeded against under the statute above quoted, and plaintiff was compelled to pay a sum which, including interest, costs, and expenses, amounted to $1,989.33. Plaintiff thereupon instituted suit against the three guarantors, and the jury gave a verdict in his favor for the sum of $1,989.33. The jury found, in answer to a special question, that the plaintiff's cause of action arose solely from an assessment which he was compelled to pay by virtue of section 3,258 of the Revised Statutes of Ohio, above quoted. The court based its action on this special finding, and entered a judgment for defendant Bernart, notwithstanding the verdict. Plaintiff brings error.

Under the instructions given to the jury, it was necessary for them to find that the defendants had not paid in the sum of $30,000. It will be seen, therefore, that the question is whether the guaranty that the stock of purchasers shall be nonassessable until $30,000 is paid in may be construed as an indemnity against assessment or judgment under this Ohio statute. Defendants contended that the contract should be construed as undertaking—

"1. That the signers of the guaranty owned the entire capital stock of the concern.

"2. That the stock was issued as fully paid up.

"3. That, although so issued, it was not in fact fully paid up.

"4. That, until the defendants should have expended in the enterprise an amount equal to the full par value of their capital stock, stockholders purchasing their stock from them should not be subject to any calls or assessments for the balance remaining unpaid on the stock."

And it is contended that the word "nonassessable" means that the stock will not be assessed to make up the deficiency in the amount originally subscribed.

We do not think this the true construction of the agreement. The defendant's counsel does not contend but that the word "call" would have been more appropriate to express this purpose than the word "assessment," nor that the word "assessment" may not, and often does not, have a broader signification than the word "call." Indeed, it is stated in his brief: "An assessment is more properly a call for a further contribution by stockholders after full payment of their stock subscriptions." If this be so, such assessments are only possible if there be statutory authority for them, and the only statutory authority to which our attention has been called in this case is that under which the plaintiff's liability was fixed. In Cook, Stock, Stockh. & Corp. Law, § 104, it is said: "An assessment is a term often used to designate the same thing as a call, but sometimes refers to a payment sought to be recovered from the stockholders above and in addition to the par value of the stock." See, also, 2 Beach, Priv. Corp. § 590; 23 Am. & Eng. Enc. Law, 803; *Upton* v. *Tribilcock*, 91 U. S. 45. It is seen, therefore, that the word "nonassessable" is susceptible of a construction which includes liability over and above the subscription price, and we think it altogether clear that such was the intention in this instrument. It is quite clear that the parties did not intend that calls for the unpaid subscriptions should be made; on the contrary, this was

a device to avoid that necessity; but it was intended that, if it was necessary for the protection of purchasers, the guarantors should bring up their payments into the treasury of the corporation to $30,000.

But it is suggested that the statutory proceeding in Ohio is not an assessment, and hence not a breach of the guaranty that the stock is nonassessable. The word "assess" is defined "to adjust or apportion; to fix or settle a sum to be levied or paid." Burrill, Law Dict. See, also, Black, Law Dict., where the following definition is given: "To ascertain, adjust, and settle the respective shares to be contributed by several persons toward an object beneficial to them all, in proportion to the benefit received." Section 3260 of the Ohio Revised Statutes provides that in the action under section 3258 "there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation." This certainly constituted an assessment within common definitions, and stock subject to this contribution is not "nonassessable."

We have considered only the propriety of the order entering judgment for the defendant, as this is the only question discussed. Our conclusion is that the circuit judge was in error. The judgment will be reversed, and a judgment entered on the verdict, with costs of both courts to plaintiff.

The other Justices concurred.